## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

| | | |
|---|---|---|
| CLAUDIA POTTER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Cause No. 3:15-CV-00279-FM |
| | § | |
| BEST BUY STORES, L.P. and BEST BUY CO., | § | |
| INC. d/b/a MINNESOTA BEST BUY CO., INC. | § | |
| | § | |
| | § | |
| Defendants. | § | |

### PLAINTIFF'S FIRST AMENDED COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW CLAUDIA POTTER ("Plaintiff"), alleging negligence and/or premises liability in violation of Texas law against Defendant BEST BUY STORES, L.P. and Defendant BEST BUY CO., INC., d/b/a MINNESOTA BEST BUY CO., INC. ("Defendants") and for cause of action would respectfully show the Court and/or Jury as follows:

### I.   Parties, Jurisdiction, and Venue

1.     Plaintiff is a resident of El Paso County, Texas and is a citizen of the State of Texas for purposes of diversity jurisdiction. The last three digits of Plaintiff's social security number are 314.

2.     Based on representations made by Defendants in their notice of removal, Defendant BEST BUY STORES, L.P. is believed to be a limited partnership formed in the State of Virginia with its principal place of business in the State of Minnesota. This Defendant is a citizen of Virginia and Minnesota for purposes of diversity jurisdiction. Defendant may be served with process by serving its registered agent C T CORPORATION SYSTEM, or any other authorized officer or agent therein, at 1999 Bryan Street, Ste. 900, Dallas, Texas 75201 and/or where ever

they may be found. This Defendant has appeared and answered this suit so no further service of process is necessary.

3.     Further based on representations made by Defendants in their notice of removal, Defendant BEST BUY CO., INC. d/b/a MINNESOTA BEST BUY CO., INC. is believed to be a Minnesota Corporation with its principal place of business in the State of Minnesota. This Defendant is a citizen of Minnesota for purposes of diversity jurisdiction. Defendant may be served with process by serving its registered agent C T CORPORATION SYSTEM, or any other authorized officer or agent therein, at 1999 Bryan Street, Ste. 900, Dallas, Texas 75201 and/or where ever they may be found. This Defendant has appeared and answered this suit so no further service of process is necessary.

4.     This Court has subject matter jurisdiction over the parties and case pursuant to 28 U.S.C. § 1332 (diversity jurisdiction) and 28 U.S.C. § 1441 (removal jurisdiction).

5.     This Court has personal jurisdiction, both specific and general, over Defendants.

6.     Venue is proper because a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in El Paso County and the case was removed to the district and division (Western District of Texas, El Paso Division) where the state court action was pending.

## II.   General Allegations

7.     This is an action for damages, including without limitation actual and liquidated damages and other legal and equitable relief as allowed by law, based on Defendant's liability for negligence and/or premises liability under Texas law.

8.     Plaintiff was born on or about January 28, 1976, and was approximately thirty-seven (37) years old at the time of the incident.

9.      On or about August 30, 2013, Plaintiff was shopping at the premises owned and operated by Defendants, located at 1834 Joe Battle Blvd, El Paso, Texas 79936. While on the premises as a customer/invitee, Plaintiff was leaning on a counter that was not secured, when it fell off hitting her legs and causing injuries to Plaintiff. Upon information and belief, this counter was negligently built and left unsecured by Defendants, causing a dangerous condition. Defendants knew or should have known of the dangerous condition and failed to correct or warn of the danger. As a result, Plaintiff suffered bodily injuries.

10.      At the time of the incident, Plaintiff was an invitee to whom Defendants owed a duty of care under Texas law. This duty included the duty to warn Plaintiff of the existence of dangerous conditions on the premises or to take reasonable measures to reduce or eliminate the resulting risk of harm.

11.      Defendants are vicariously liable for the negligent acts and omissions of their officers, employees, actual and/or apparent agents, and servants under principles of *respondeat superior,* actual and/or apparent authority, ratification of conduct, and/or equitable estoppel.

12.      Defendants, through the acts and omissions of its officers, employees, actual and/or apparent agents, servants, and/or representatives, created the dangerous condition, actually knew of the dangerous condition, and/or should have known of the dangerous condition, but failed to warn Plaintiff of the dangerous condition or take reasonable measures to reduce or eliminate the risk of harm resulting therefrom, which was negligence under Texas law.

13.      As a direct and proximate result of this incident caused by the dangerous condition and Defendants' negligence in failing to warn or take reasonable measures to reduce or eliminate the risk of harm resulting therefrom, Plaintiff suffered severe injuries and damages as more fully described below.

14.     Defendants, through the acts and omissions of its officers, employees, actual and/or apparent agents, servants, and/or representatives, negligently caused and/or negligently permitted such dangerous condition on the premises to exist and/or negligently failed to warn Plaintiff of the dangers, despite the fact that Defendants, their officers, employees, actual and/or apparent agents, servants, and/or representatives created the condition, or knew or in the exercise of ordinary care should have known of the existence of the condition.

15.     Plaintiff's injuries and damages were proximately caused by Defendants' negligence, as Plaintiff's injuries and damages would not have occurred but for its negligence and the likelihood of someone being injured as happened to Plaintiff was reasonably foreseeable. As a direct and proximate result of Defendants' negligence, Plaintiff suffered severe injuries and damages as more fully described below.

### III.  Negligence and Premises Liability

16.     Plaintiff realleges the foregoing paragraphs.

17.     Texas law applies in this diversity action.

18.     Under Texas law, Defendants, as the owners, possessors, and/or operators of the premises, owed a duty to Plaintiff, as an invitee on the premises, to exercise reasonable care to adequately warn of any dangerous conditions on the premises that it created and/or knew or should have known existed, or to take reasonable measures to reduce or eliminate the risk of harm resulting therefrom.

19.     Under Texas law, a counter that was improperly installed and maintained constitutes a dangerous condition on the premises. The condition posed an unreasonable risk of harm because there was a sufficient probability of a harmful event occurring (*i.e.,* a customer or other visitor or invitee could be injured by the faulty counter), such that a ordinarily prudent person could

foresee the likelihood of that harmful event or some similar event occurring. *See Seideneck v. Cal Bayreuther Assocs.,* 451 S.W.2d 752, 754 (Tex. 1970) (whether condition poses a dangerous condition is highly fact-intensive and "there is no definitive, objective test that can be applied to determine whether a specific condition presents an unreasonable risk of harm.").

20.     Defendants, through the acts and omissions of its officers, employees, actual and/or apparent agents, servants, or representatives, created the dangerous condition or knew or should have known of the dangerous condition, and failed to exercise reasonable care to adequately warn of the dangerous condition or reduce or eliminate the risk of harm resulting therefrom, which was negligence in one or more of the following alternative ways:

    a.  In failing to properly install the counter;
    b.  In failing to maintain the area and the counter in a reasonably safe condition;
    c.  In failing to upkeep, restrain counters, or warn of the condition of the counter in question;
    d.  In failing to inspect the premises in order to discover the dangerous condition created by the counter in question which created an unreasonable risk of harm;
    e.  In failing to correct the dangerous condition created by counter in question that posed an unreasonable risk of harm;
    f.  In failing to warn invitees and licensees, including Plaintiff, that a dangerous condition existed which required extra care to be taken by them when entering or exiting the store, when Defendants knew or should have known that the counter in question contained the above-described dangerous condition that posed an unreasonable risk of harm;
    g.  In failing to adequately train and educate its employees, actual and/or apparent agents, servants, and/or representatives in the proper maintenance of the area in question, in order to remove or warn of the above-described dangerous condition or other similar conditions that posed an unreasonable risk of harm to Plaintiff and/or other visitors on the premises;
    h.  In failing to adequately establish and enforce safety regulations among its employees, actual and/or apparent agents, servants, and/or representatives regarding the counter in question;
    i.  In failing to adequately teach, educate, and supervise its employees, actual and/or apparent agents, servants, and/or representatives in regular inspection and maintenance of the counter in question;
    j.  Other acts or omissions of negligence that may be determined during the discovery period.

21.     One or more of the foregoing negligent acts and omissions, whether taken singularly or in any combination, was a proximate cause of Plaintiff's injuries and damages described below. Under Texas law, proximate cause consists of cause-in-fact and foreseeability. *See Travis v. City of Mesquite,* 830 S.W.2d 94, 98 (Tex. 1992). "Cause in fact" means the act or omission was a substantial factor in bringing about the injury and, without it, the harm would not have occurred. *Id.* "Foreseeability" means the actor, as a person of ordinary intelligence, should have anticipated the dangers that his or her negligent act created for others. *Id.* at 98; *see also Mo. Pac. R.R. Co. v. Am. Statesman,* 552 S.W.2d 99, 103 (Tex. 1977). The test for foreseeability is whether the defendant, as a person of ordinary intelligence and prudence, should have anticipated the danger to others created by his or her act (or failure to act), although he/she is not required to anticipate just how the injuries will arise. *Brown v. Edwards Trsfr Co.,* 764 S.W.2d 220 (Tex. 1988).

22.     Sufficient proof of causation exists when there exists a sequence of events that provides a strong, logically traceable connection between the event and the resulting injuries. *See Morgan v. Compugraphic Corp.,* 675 S.W. 2d 729, 731 (Tex. 1984); *see also Mo Pac. R.R. Co.,* 552 S.W.2d at 103 (proximate cause is usually a fact question within jury's province).

23.     Plaintiff's injuries and damages were proximately caused by Defendants' negligence, as Plaintiff's injuries and damages would not have occurred but for its negligence and the likelihood of someone being injured as happened to Plaintiff was reasonably foreseeable, and there exists a "strong, logically traceable connection" between Defendants' negligence as described above and Plaintiff's injuries and damages. If Defendants had adequately warned of the dangerous condition or taken reasonable measures to reduce or eliminate the risk of harm resulting therefrom, Plaintiff's injuries would not have taken place. Defendants' negligence

proximately caused Plaintiff to suffer severe injuries and other damages as more fully described below.

### IV.  Damages

24.    Plaintiff realleges the foregoing paragraphs.

25.    As a direct result of the occurrence, Plaintiff suffered bodily injuries. Plaintiff has incurred expenses for medical care, attention and other expenses and such expenses are ongoing. These expenses incurred were necessary for the care and treatment of the injuries sustained by Plaintiff, and the charges made and to be made were the reasonable, usual and customary charges for such services. Plaintiff will require further medical care and attention and will necessarily incur reasonable expenses in the future for her medical needs.

26.    As a further result of the occurrence, Plaintiff has suffered a loss of earning capacity in the past and will suffer a loss of wage earning capacity in the future. As a result of the injuries sustained by this occurrence, Plaintiff was prevented from performing her household duties in the past and will continue to be unable to perform her household duties in the future. Plaintiff has suffered pain and suffering in the past and will continue to suffer pain and suffering in the future. Further, Plaintiff has suffered mental anguish that has caused a disruption in her daily routine, and will in all likelihood continue to suffer emotional distress in the future. Plaintiff has also suffered impairment in the past and will continue to suffer impairment in the future.

27.    Discovery has not yet begun and the extent of Plaintiff's damages are still being determined. Additionally, some of Plaintiff's damages are unliquidated and cannot easily be calculated in monetary terms. As of the time of filing of this amended complaint, Plaintiff has a good faith belief the amount of her damages may exceed $75,000.00 exclusive of interest and costs. Plaintiff asks that the jury be fair and reasonable in its determination of Plaintiff's

compensable damages in this case.

28.    Plaintiff seeks all other damages to the full extent as provided by law.

### V.   Jury Demand

29.    Plaintiff hereby requests trial by jury on all contested issues of fact and all other contested matters in law or in equity in which a jury is permitted to resolve such issues.

### VI.   Conclusion

WHEREFORE, PREMISES CONSIDERED, Plaintiff Claudia Potter requests that Defendants BEST BUY STORES, L.P. and BEST BUY CO., INC. D/B/A MINNESOTA BEST BUY CO., INC. answer this amended complaint and that upon final hearing and trial by jury, Plaintiff obtain judgment against Defendants for all relief requested, for pre-judgment interest, post judgment interest, costs of court, and for such other and further relief, general and special, at law or in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

**SCHERR & LEGATE, PLLC**
Attorneys for Plaintiff
109 N. Oregon, 12th Floor
El Paso, Texas 79901
(915) 544-0100
(915) 532-1759 (Facsimile)
samlegate@scherrlegate.com

 _/s/  Sam J. Legate_
**SAM J. LEGATE**
State Bar No.: 12166600

**CERTIFICATE OF SERVICE**

I hereby certify that on this 13th day of November 2015, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following counsel of record:

**Ken Coffman**
320 Texas Ave., 2nd Floor
El Paso, Texas 79901
(915) 231-1945 (office)
(915) 225-0555 (fax)
ken@kclawfirm.net
Attorney for Defendants

_/s/  Sam J. Legate_
**SAM J. LEGATE**